UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

HERBERT CHARLES MILLER,

Plaintiff,

v.

OFFICER J. DEFRANCO, et al.,

Defendants.

Case No. 25-cv-07737-KAW (PR)

**ORDER OF SERVICE**

## I.    INTRODUCTION

Plaintiff, who identifies as an "Enhanced Outpatient/Transgender Inmate," *see* dkt. 1 at 10,[1] and is currently incarcerated at Mule Creek State Prison, has filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleges a violation of her constitutional rights by prison officials at Salinas Valley State Prison ("SVSP"), where she was previously incarcerated.  In her complaint, Plaintiff names the following SVSP prison officials: Correctional Officers J. Defranco, D. Zarajczyk,[2] J. Toledo, Vega, and Lopez; and Correctional Sergeants Camacho and Aguilera.  *Id.* at 2.  Plaintiff seeks monetary damages.  *Id.* at 3.

This matter has been assigned to the undersigned Magistrate Judge.  Dkts. 3, 4.  Plaintiff will be granted leave to proceed *in forma pauperis* in a separate written order.  Dkt. 2.

Venue is proper in this judicial district because the events giving rise to Plaintiff's claims in her complaint are alleged to have occurred at SVSP, which is located in this district.  *See* 28 U.S.C. § 1391(b).

---

[1] Page number citations refer to those assigned by the court's electronic case management filing ("ECF") system and not those assigned by Plaintiff.

[2] The Court notes that Defendant D. Zarajczyk is listed incorrectly as "D. Zara" on the court's ECF system.

United States District Court
Northern District of California

## II. BACKGROUND

Plaintiff alleges that at approximately 11:20 a.m. on October 8, 2024, Defendants Defranco and Zarajczyk came to her cell and directed her to "give [them] the phone." Dkt. 1 at 3. Plaintiff, with her back to the officers, placed the phone "under [her] beanie cap." *Id.* at 3. Plaintiff asked Defendant Defranco, "What's this all about?" *Id.* Defendant Defranco opened the cell door and told Plaintiff's cellmate to go downstairs. *Id.* The cellmate complied. *Id.* Plaintiff then attempted to hide the cellphone in the right pocket of her shorts. *Id.* at 4. Defranco ordered her to stop and "leave [the phone] right there!" *Id.* Plaintiff then said, "Ok let me log out of work." *Id.* She claims that she said this because she "was working a tax-paying job for a company called 'Yardi Matrix' as a rent surveyor." *Id.* Defendant Defranco continued to demand the phone and threatened to pepper spray Plaintiff if she did not comply. *Id.* Plaintiff claims she believed that Defendants Defranco and Zarajczyk planned to "double rob" her by confiscating the phone and "clear[ing] [her] accounts on Cash App and Zelle." *Id.* Plaintiff held up her finger "in a wait a minute gesture." *Id.* Defendant Defranco had the "control booth re-open the door" while Plaintiff was "on [her] knees" "facing away asking for a moment to clear [her] accounts." *Id.* Defendant Zarajczyk "slapped [Plaintiff's] hand" and tried to grab Plaintiff. *Id.* The alarm sounded and Defendant Defranco stated, "Aw you did it now, give it to me before they get here." *Id.* at 4-5. Plaintiff began yelling that she didn't understand what was happening. *Id.* at 5.

Defendant Toledo arrived at the cell door and Defendant Zarajczyk informed "her partner" that Plaintiff "has already resisted." *Id.* Defendant Toledo "rammed [Plaintiff] in [her] back" while she was on her knees with her back to the cell door holding the cellphone in her right hand. *Id.* Defendant Toledo "jerked the phone out [Plaintiff's] hand" causing it to fall under Plaintiff. *Id.* Defendant Toledo then put Plaintiff in a "choke hold." *Id.* Plaintiff alleges that Defendant Defranco mounted her "back and buttocks" and "put [a] finger in [Plaintiff's] rectum" while Defendant Vega grabbed Plaintiff's right arm, causing her to lose balance. *Id.* Defendant Camacho then grabbed Plaintiff's wrist and pulled it behind her back "in an upward use of force." *Id.* Plaintiff claims Defendant Lopez was hitting her under her left armpit yelling for Plaintiff to "stop resisting." *Id.* Plaintiff held her arm in the air to "show [she] was not resisting." *Id.*

2

Defendant Aguilera was pulling Plaintiff's legs from behind. *Id.* Plaintiff felt violated and exclaimed "aw cuz I'm a transgender inmate and my pronouns are she, her, [and] hers." *Id.* Plaintiff claims that that Defendants used he and him pronouns during the encounter instead of Plaintiff's correct pronouns. *Id.* at 5-6.

Plaintiff was taken to Alpha Gymnasium, strip searched, and held in "a holding cage." *Id.* at 6. Plaintiff requested medical attention and was taken to Natividad Hospital that night. *Id.* The doctor performed a "rectal exam where [she] was hurting and pulled out a piece of black rubber glove from one of the officers['] fingers." *Id.* Plaintiff was medically cleared and taken back to prison. *Id.*

On October 9, 2024, Plaintiff informed Officer Anderson that she was suicidal and was taken back to Natividad Hospital. *Id.* at 7. Defendant Lopez escorted Plaintiff to the hospital and commented on the previous day's incident, stating as follows: "Yeah, when I learned I was transferring an inmate Miller I wondered was it you. I want you to know I wasn't with them guys like that, I thought it was a lot uncalled for if you know what I mean . . . ." *Id.* Plaintiff claims that Defendant Lopez "began telling [her] he was going to hook [her] up with lunch from Jack in the Box . . . and asked [her] 'was we good?'" *Id.* Plaintiff believed Defendant Lopez was talking about the incident from October 8, 2024. Plaintiff was "afraid to say no, so [she] nodded." *Id.*

## III.    DISCUSSION

### A.    Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that

3

the alleged violation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

### B.   Eighth Amendment Claim

A prisoner has the right to be free from cruel and unusual punishment, including physical abuse by guards.  Whenever prison officials stand accused of using excessive physical force in violation of the Eighth Amendment, the core judicial inquiry is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. *Hudson v. McMillian*, 503 U.S. 1, 6 (1992) (citing *Whitley v. Albers*, 475 U.S. 312, 317 (1986)).

Liberally construed, Plaintiff's complaint states a cognizable Eighth Amendment claim against Defendant Defranco, Zarajczyk, Toledo, Vega, Lopez, Camacho and Aguilera stemming from the incident on October 8, 2024.  *See* Dkt. 1 at 5.

## IV.   CONCLUSION

For the foregoing reasons, the court orders as follows:

1.   Plaintiff states a cognizable Eighth Amendment claim against Defendant Defranco, Zarajczyk, Toledo, Vega, Lopez, Camacho and Aguilera.

2.   The following Defendants shall be served: **Correctional Officers J. Defranco, D. Zarajczyk,  J. Toledo, Vega, and Lopez; and Correctional Sergeants Camacho and Aguilera at SVSP.**

Service on the listed Defendants shall proceed under the California Department of Corrections and Rehabilitation's ("CDCR") e-service pilot program for civil rights cases from prisoners in CDCR custody.  In accordance with the program, the Clerk of the Court is directed to serve on CDCR via email the following documents: the operative complaint, this order of service, the notice of assignment of prisoner case to a United States magistrate judge and accompanying magistrate judge jurisdiction consent or declination to consent form, a CDCR Report of E-Service Waiver form and a summons.

No later than **forty (40) days** after service of this order via email on CDCR, CDCR shall provide the court a completed CDCR Report of E-Service Waiver advising the court which Defendants listed in this order will be waiving service of process without the need for service by

4

United States District Court
Northern District of California

the United States Marshal Service ("USMS") and which Defendants decline to waive service or could not be reached. CDCR also shall provide a copy of the CDCR Report of E-Service Waiver and of the notice of assignment of prisoner case to a magistrate judge and accompanying magistrate judge jurisdiction consent or declination to consent form to the California Attorney General's Office, which, within **twenty-one (21) days**, shall file with the court a waiver of service of process for the Defendants who are waiving service and, within **twenty-eight (28) days** thereafter, shall file a magistrate judge jurisdiction consent or declination to consent form as to the Defendants who waived service.

Upon receipt of the CDCR Report of E-Service Waiver, the clerk shall prepare for each Defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-205 Form. The clerk shall provide to the USMS the completed USM-205 form and copies of this order, summons, operative complaint and notice of assignment of prisoner case to a magistrate judge and accompanying magistrate judge jurisdiction consent or declination to consent form for service upon each defendant who has not waived service. The clerk also shall provide to the USMS a copy of the CDCR Report of E-Service Waiver.

The clerk shall also mail a copy of the operative complaint and a copy of this order to the State Attorney General's Office in San Francisco. Additionally, the clerk shall mail a copy of this order to Plaintiff.

3. Defendant is cautioned that Rule 4 of the Federal Rules of Civil Procedure requires Defendant to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if Defendant, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, Defendant will be required to bear the cost of such service unless good cause be shown for the failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendant had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendant will not be required to serve and file an answer before **sixty (60) days** from the date on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendant is asked to read the statement set forth at the foot of the waiver

form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendant has been personally served, the Answer shall be due **sixty (60) days** from the date on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever is later.

4.      Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires Defendants to cooperate in saving unnecessary costs of service of the summons and complaint. If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(A)(ii), Defendants will not be required to serve and file an answer before **sixty (60) days** from the date on which the CDCR provides a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office. (This allows a longer time to respond than would be required if formal service of summons is necessary.) If Defendants have not waived service and have instead been served by the USMS, then Defendants shall serve and file an answer within **twenty-one (21) days** after being served with the summons and complaint.

5.      Defendants shall answer the complaint in accordance with the Federal Rules of Civil Procedure. The following briefing schedule shall govern dispositive motions in this action:

a.      No later than **sixty (60) days** from the date their answer is due, Defendants shall file a motion for summary judgment or other dispositive motion. The motion must be supported by adequate factual documentation, must conform in all respects to Federal Rule of Civil Procedure 56, and must include as exhibits all records and incident reports stemming from the events at issue. A motion for summary judgment also must be accompanied by a *Rand*[3] notice so that Plaintiff will have fair, timely and adequate notice of what is required of Plaintiff in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out in Rand must be served concurrently with motion for summary judgment). A motion to dismiss for failure to exhaust available administrative remedies must be accompanied by a similar

---

[3] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

notice.  However, the court notes that under the new law of the circuit, in the rare event that a failure to exhaust is clear on the face of the complaint, Defendants may move for dismissal under Rule 12(b)(6) as opposed to the previous practice of moving under an unenumerated Rule 12(b) motion.  *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc) (overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), should be raised by a defendant as an unenumerated Rule 12(b) motion).  Otherwise if a failure to exhaust is not clear on the face of the complaint, Defendants must produce evidence proving failure to exhaust in a motion for summary judgment under Rule 56.  *Id.*  If undisputed evidence viewed in the light most favorable to Plaintiff shows a failure to exhaust, Defendants are entitled to summary judgment under Rule 56.  *Id.*  But if material facts are disputed, summary judgment should be denied and the district judge rather than a jury should determine the facts in a preliminary proceeding.  *Id.* at 1168.

If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the court prior to the date the summary judgment motion is due.  All papers filed with the court shall be promptly served on Plaintiff.

b.      Plaintiff's opposition to the dispositive motion shall be filed with the court and served on Defendants no later than **twenty-eight (28) days** after the date on which Defendants' motion is filed.

c.      Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.  Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact—that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents,

United States District Court
Northern District of California

as provided in Rule 56(e), that contradicts the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand*, 154 F.3d at 962-63.

Plaintiff also is advised that—in the rare event that Defendants argue that the failure to exhaust is clear on the face of the complaint—a motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. To avoid dismissal, you have the right to present any evidence to show that you did exhaust your available administrative remedies before coming to federal court. Such evidence may include: (1) declarations, which are statements signed under penalty of perjury by you or others who have personal knowledge of relevant matters; (2) authenticated documents— documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers such as answers to interrogatories or depositions; (3) statements in your complaint insofar as they were made under penalty of perjury and they show that you have personal knowledge of the matters state therein. As mentioned above, in considering a motion to dismiss for failure to exhaust under Rule 12(b)(6) or failure to exhaust in a summary judgment motion under Rule 56, the district judge may hold a preliminary proceeding and decide disputed issues of fact with regard to this portion of the case. *Albino*, 747 F.3d at 1168.

(The notices above do not excuse Defendants' obligation to serve similar notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment. *Woods*, 684 F.3d at 935.)

d.      Defendants shall file a reply brief no later than **fourteen (14) days** after the date Plaintiff's opposition is filed.

e.      The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

6.      Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. Leave of the court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose

United States District Court
Northern District of California

8

Plaintiff and any other necessary witnesses confined in prison.

7.    All communications by Plaintiff with the court must be served on Defendants or their counsel, once counsel has been designated, by mailing a true copy of the document to them.

8.    It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address.  *See* L.R. 3-11(a).  The court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the court has been returned to the court as not deliverable, and (2) the court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address.  *See* L.R. 3-11(b).

9.    Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

IT IS SO ORDERED.

Dated: May 7, 2026

_____
KANDIS A. WESTMORE
United States Magistrate Judge

United States District Court
Northern District of California

9